Quinn Emanuel Urquhart & Sullivan, LLP v AVRA Surgical Robotics, Inc. (2018 NY Slip Op 02441)





Quinn Emanuel Urquhart & Sullivan, LLP v AVRA Surgical Robotics, Inc.


2018 NY Slip Op 02441


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

6255N 158148/14

[*1] Quinn Emanuel Urquhart & Sullivan, LLP, Plaintiff-Respondent,
v
AVRA Surgical Robotics, Inc., Defendant-Appellant.


Stamell & Schager, LLP, New York (Andrew R. Goldenberg of counsel), for appellant.
Quinn Emanuel Urquhart & Sullivan LLP, New York (Peter E. Calamari Of counsel), for respondent.



Order, Supreme Court, New York County (Paul Wooten, J.), entered on or about December 22, 2016, which, to the extent appealed from as limited by the briefs, vacated plaintiff's default and granted plaintiff's motion for leave to file an untimely reply to defendant's counterclaim, pursuant to CPLR 3012(d), unanimously affirmed, without costs.
The court providently exercised its discretion in vacating the default and granting plaintiff leave to compel defendant to accept plaintiff's reply to the counterclaim, pursuant to CPLR 3012(d), particularly given the strong public policy in favor of resolving controversies on the merits (see Yu v Vantage Mgt. Servs., LLC, 85 AD3d 564, 564 [1st Dept 2011]). Here, plaintiff provided a reasonable explanation for the delay, and there is no indication that plaintiff's actions were willful or contumacious. There also was no evidence of prejudice to defendant (see Newyear v Beth Abraham Nursing Home, 157 AD3d 651, 652 [1st Dept 2018]; Oberon Sec. LLC v Parmar, 135 AD3d 446, 446 [1st Dept 2016]). Although it was not essential (Artcorp Inc. v Citirich Realty Corp., 140 AD3d 417, 418 [1st Dept 2016]), plaintiff also demonstrated a meritorious defense to the counterclaim (Jones v 414 Equities, 57 AD3d 65, 81 [1st Dept 2008]), as it is not at all clear that the information disclosed in plaintiff's initial complaint was of a kind that could be considered confidential information for which defendant would be entitled to damages.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK